J. P. HOFFMAN *et al.* Appellants, *vs.* THE COMMISSION-
ERS OF THE WHISKEY CREEK DRAINAGE DISTRICT *et al.*
Appellees.

*Opinion filed October 28, 1925—Rehearing denied Dec. 10, 1925.*

DRAINAGE—*when petition may be re-submitted after withdrawal
and correction.* Where a petition for the organization of a drain-
age district authorizes the attorney for the petitioners to make all
amendments and corrections he may see fit, the facts that the peti-
tion is withdrawn on motion of the attorney and certain clerical
errors in the allegations as to the boundaries of the district are
corrected do not render the petition *functus officio,* and it may be
re-filed with the same signatures where the corrections are not
material and the boundaries of the district are sufficiently desig-
nated in the original petition.

APPEAL from the County Court of Iroquois county; the
Hon. HENRY F. RUEL, Judge, presiding.

C. E. RUSSELL, and DYER & DYER, for appellants.

A. F. GOODYEAR, and ROBERT F. GOODYEAR, for ap-
pellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a final order of the county court
of Iroquois county organizing the Whiskey Creek Drain-
age District and including therein certain lands owned by
appellants.

It is contended by appellants that the jurisdiction of
the court organizing a drainage district depends entirely
upon a legal and proper petition signed by the requisite
number of land owners and that such petition is entirely
wanting in this case, and that the petition filed herein as
the basis for the proceedings in this case conferred no juris-
diction on the court, because the names purporting to be
signed thereto were never, in fact, signed to said petition
but were taken from another petition which had previously
been filed, August 20, 1924, in the county court and set for

hearing September 18, 1924, but dismissed by the court September 6, 1924, and that such petition thereby became *functus officio,* and that no part of the same could be legally used as the basis for another petition filed September 10, 1924, to confer jurisdiction upon the court.

On August 20, 1924, the petitioners in this case filed their petition in the county court asking for the organization of this drainage district, including lands in Iroquois and Vermilion counties, and it was set for hearing September 18, 1924. Proper notice of the proceedings not having been given, for the purpose of saving time, without any hearing having been had by the county court upon the petition, the attorney for the petitioners asked and obtained leave from the court to withdraw the petition and vacate the order setting the same for hearing. After the petition had been withdrawn it was discovered that there were certain clerical errors in the allegations as to the boundaries of the district, and these errors were corrected by re-writing the sheets of the petition on which these errors occurred. These corrections were not material, for the reason that the boundaries of the district proposed to be organized were designated in the petition in a definite manner, as the legal description of every tract of land proposed to be incorporated into the district was contained in the petition as originally filed, with the names of the owners so far as known, so that full information was therein contained as to what lands were to be included in the proposed district, in compliance with the statute. The lands described in the original and amended petitions by legal descriptions were the same lands, the correction made being merely to make the allegations as to the boundaries of the district conform to the correct boundaries of the lands described by legal description. After the petition had been withdrawn and the changes made, the same petition as changed was again filed in the county court on September 10, 1924, and the hearing thereon set for October 7, 1924, on which date a hearing

was had on the petition, proof of posting, publishing and mailing notices as required by law was made, the district tentatively organized, commissioners appointed, and the case continued to a day certain for the report of the commissioners. At this hearing the petition was dismissed as to all of the lands lying in Vermilion county. There were no objections filed to this petition at this hearing on the part of anyone, nor were any objections interposed to the dismissal of the petition as to the Vermilion county lands. When the time arrived to which the cause was continued to await the report of the commissioners, it appearing that they were not then ready to report, the cause was again continued, and was thereafter continued from time to time to await such report, until January 28, 1925, when the report of the commissioners was filed. This report recommended that certain additional tracts of land be included in the district, whereupon the cause was again continued until February 23, 1925, in accordance with the provisions of law, for a hearing on the report of the commissioners. On the day set for the hearing on the commissioners' report appellants applied to the county court for further time in which to file objections, and the court accordingly extended such time to them for filing objections to February 25, 1925, at 10 o'clock A. M., and continued the cause until March 2, 1925, at 9 o'clock A. M. On February 25, 1925, the objectors filed their objections, whereby they purported to enter their special and limited appearance in said cause and set up the grounds of objection heretofore stated.

The petition for the organization of the district, as signed and filed, contained the following provision: "Your petitioners further represent, that they have appointed and do hereby appoint irrevocably, Harrison C. Bergdoll, to be their true and lawful attorney in the premises, hereby giving to their said attorney full power and authority to represent them, and each of them, about presenting this petition to the county court of said county and securing a hearing

thereon and the appointment of commissioners, with full authority to make or cause to be made, from time to time, all amendments or correction to this petition as their said attorney shall deem convenient or necessary and to do all things in the premises in their name and stead as fully as they could do if personally present and acting in that behalf, to the end that a drainage district may be organized substantially as herein prayed according to law, ratifying and confirming all things that their said attorney may do by virtue hereof."

We are of the opinion that under the facts of this particular case the amendments to the petition were authorized by the petitioners, and that the withdrawal of the petition from the county court for the purpose of correction, giving proper notice and re-filing did not render the petition *functus officio,* and that the court properly overruled appellants' objections.

The order of the county court is affirmed.

*Order affirmed.*